FILED
DISTRICT COURT OF GUAM
JUN 1 8 2007
MARY L.M. MORAN
CLERK OF COURT

1  LEONARDO M. RAPADAS
   United States Attorney
2  MARIVIC P. DAVID
   Assistant U.S. Attorney
3  Suite 500, Sirena Plaza.
   108 Hernan Cortez Ave.
4  Hagåtña, Guam 96910
   PHONE: 472-7332
5  FAX: 472-7334

6  Attorneys for the United States of America

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                         FOR THE DISTRICT OF GUAM
10

11

12  UNITED STATES OF AMERICA,         )   MAGISTRATE CASE NO. 07-00013
                                      )
13                   Plaintiff,       )
                                      )
14         vs.                        )   GOVERNMENT'S POSITION RE
                                      )   APPOINTMENT OF COUNSEL
15                                    )   FOR DEFENDANT
    LOUIS J. PEARLMAN,                )
16                                    )
                     Defendant.       )
17  _____)

18      The United States of America, by and through its counsel, Leonardo M. Rapadas, United States

19 Attorney, and Marivic P. David, Assistant U.S. Attorney, hereby files its position concerning the issue of

20 appointment of counsel for Defendant Louis J. Pearlman.

21      The Court has the authority to review a defendant's financial status and determine whether a

22 defendant is entitled to court appointed counsel. The Criminal Justice Act, ("CJA"), subsection (a) of

23 18 U.S.C. § 3006A, provides for the appointment of counsel "for any person financially unable to obtain

24 adequate representation." Subsection (b) of Section 3006A states, in part, that [u]nless the person

25 waives representation of counsel, the United States magistrate or the court, if satisfied after appropriate

26 inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent him."

27      In support of his request for appointed counsel, Defendant Pearlman should provide the Court

28 with an accurate and complete financial affidavit of his financial condition or furnish sworn financial

| | |
|---|---|
| 1 | information. The defendant bears the burden of persuading the Court that his financial status entitles |
| 2 | him to free appointed counsel. United States v. Ellsworth, 547 F.2d 1096, 1098 (9th Cir. 1976); United |
| 3 | States v. Titus, 576 F.2d 210, 211 (9th Cir. 1978)(refusal to fill out and sign financial affidavit deemed a |
| 4 | waiver of court-appointed counsel); United States v. Sarsoun, 834 F.2d 1358, 1363 (7th Cir. 1987)(failing |
| 5 | to submit financial affidavit and answer judge's questions about his income deemed a waiver of court- |
| 6 | appointed counsel). See also, United States v. Schmitz, 525 F.2d 793, 795 (9th Cir. 1975)(court |
| 7 | characterized Fifth Amendment claim as "a great beneficial shield, but not much of a sword," where |
| 8 | defendant only offered a "conclusory affidavit of poverty"); and United States v. Kodzis, |
| 9 | 255 F.Supp.2d 1140, 1143-44 (S.D. Cal. 2003)("Under the Criminal Justice Act, the public fisc need not |
| 10 | contribute one penny unless the accused first establishes that he cannot afford counsel" quoting United |
| 11 | States v. Bauer, 956 F.2d 693, 695 (7th Cir. 1992)). |
| 12 |     In this case, Defendant Pearlman should not be allowed to shield information about his assets |
| 13 | from the Court. The government's goal is not force the defendant to make statements that may be used |
| 14 | against him later - such as a prosecution for perjury or false statements - or during other appropriate |
| 15 | circumstances. See United States v. Kahan, 415 U.S. 239, 243, 94 S.Ct. 1179 (1974). Its goal rather is |
| 16 | to prevent the defendant from manipulating the system. If the defendant fails to meet his burden of |
| 17 | showing he is indigent, then the Court should decline to appoint counsel. |
| 18 |     The CJA program does not have a limitless source of funds. The Court should only allow |
| 19 | defendants who are truly indigent to avail themselves of this resource, otherwise, the inevitable |
| 20 | consequence will be less money for those defendants truly in need of aid. |
| 21 |     Dated this __18th__ day of June 2007. |
| 22 | LEONARDO M. RAPADAS<br>United States Attorney |
| 23 | Districts of Guam and NMI |
| 24 | By: |
| 25 | MARIVIC P. DAVID<br>Assistant U.S. Attorney |

-2-