JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
LOUIS J. PEARLMAN

FILED
DISTRICT COURT OF GUAM
JUN 18 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MJ-07-00013 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM CONCERNING |
| | ) | DISCLOSURE OF FINANCIAL |
| vs. | ) | INFORMATION; |
| | ) | |
| LOUIS J. PEARLMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

        Defendant, LOUIS J. PEARLMAN, by and through undersigned counsel, Richard P. Arens, Assistant Federal Public Defender, respectfully submits the following memorandum concerning the disclosure of financial information required for the appointment of counsel.

//

//

ORIGINAL

# MEMORANDUM

## I. Facts

On March 7, 2007, a complaint was filed in the United States District Court in Florida charging Mr. Pearlman with Bank Fraud in violation of 18 U.S.C. §1344. On June 15, 2007, Mr. Pearlman appeared in the District Court of Guam for an identity hearing. When asked to complete a financial affidavit, Mr. Pearlman asserted his right against self-incrimination on the grounds that the information provided could be used against him in the bank fraud proceedings. Thereafter, the Chief Judge ordered the parties to brief the issue of whether Mr. Pearlman could receive the appointment of counsel without providing the required financial information. This memorandum follows.

## II. Issue

Whether Mr. Pearlman should be required to elect between his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel when completion of financial affidavit is required in order to qualify for court-appointed counsel.

## III. Argument

In <u>Simmons v. United States</u>, 390 U.S. 377 (1968), the Supreme Court held that when a defendant testifies in support of a motion to suppress evidence, his testimony may not be admitted against him at trial to prove that he possessed the evidence. <u>Simmons</u> rested upon the undesirability of forcing the defendant to choose between his Fifth Amendment right against self-incrimination and his Fourth Amendment right to object to government seizure.

The Ninth Circuit extended the <u>Simmons</u> principle to protect defendants from forced election between their Fifth Amendment right against self-incrimination and their Sixth Amendment right

2

to counsel. In United States v. Gravatt, 868 F.2d 585 (3rd Cir. 1989), the Court addressed the issue of a defendant seeking appointment of counsel who refuses to complete a financial affidavit based on a colorable claim that disclosure of the information would be self-incriminating. To reconcile the conflict between the Constitutional rights of defendant and the government's interest in limiting appointment of counsel to financially qualified individuals, the Court provided two options.

First, the Court may afford the defendant the "opportunity to disclose the required information to the trial court for it to review in camera . . . [following which] the financial data should be sealed and not made available for the purpose of . . . prosecution." (quoting United States v. Anderson, 567 F.2d 839 (8th Cir. 1977)). Second, if the trial court deems an adversary hearing on defendant's request for appointment of counsel to be appropriate, the court may grant use immunity to the defendant's testimony at the hearing. (citing United States v. Branker, 418 F.2d 378 (2nd Cir. 1969)).

## IV.  Conclusion

For the above reasons, Mr. Pearlman respectfully requests that he be given the opportunity to disclose the required financial information for in camera review. Mr. Pearlman further requests that following the in camera review, the Court seal the financial information and preclude its use in the criminal case filed against him.

Dated this 18th day of June, 2007.

/s/ Richard P. Arens
RICHARD P. ARENS
ATTORNEY FOR DEFENDANT
LOUIS J. PEARLMAN

3

## **CERTIFICATE OF SERVICE**

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on June 18, 2007:

>KARON V. JOHNSON
>Assistant United States Attorney
>Sirena Plaza
>108 Hernan Cortez, Ste. 500
>Hagatna, Guam 96910
>
>Attorney for Plaintiff
>UNITED STATES OF AMERICA
>
>
>CARLEEN BORJA
>U.S. Probation Officer
>U.S. Probation Office
>Districts of Guam and NMI
>2nd Floor, U.S. District Court

DATED: Mongmong, Guam, June 18, 2007.

*[signature]*

RENATE A. DOEHL
Operations Administrator

RICHARD P. ARENS
Attorney for Defendant
LOUIS J. PERLMAN

4